IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 07-cv-00546-ZLW

MICHAEL DOYLE,

    Applicant,

v.

LOU ARCHULETA, Warden, and
SUTHERS, Attorney General of the State of Colorado,

    Respondents.

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

MAY 24 2007

GREGORY C. LANGHAM
CLERK

## ORDER DENYING MOTION TO RECONSIDER

Applicant Michael Doyle has filed *pro se* on May 17, 2007, a letter to the Court in which he apparently seeks reconsideration of the Court's Order and Judgment of Dismissal filed in this action on May 4, 2007. The Court must construe the letter liberally because Mr. Doyle is representing himself. **See Haines v. Kerner**, 404 U.S. 519, 520-21 (1972); **Hall v. Bellmon**, 935 F.2d 1106, 1110 (10th Cir. 1991). Therefore, the letter will be construed liberally as a motion to reconsider. For the reasons stated below, the motion to reconsider will be denied.

A litigant subject to an adverse judgment, and who seeks reconsideration by the district court of that adverse judgment, may "file either a motion to alter or amend the judgment pursuant to Fed. R. Civ. P. 59(e) or a motion seeking relief from the judgment pursuant to Fed. R. Civ. P. 60(b)." **Van Skiver v. United States**, 952 F.2d 1241, 1243 (10th Cir. 1991). Mr. Doyle filed his motion to reconsider within ten days after the Court's Order and Judgment of Dismissal. **See** Fed. R. Civ. P. 6(a) (time periods of

less than eleven days exclude intervening Saturdays, Sundays, and legal holidays). Therefore, the Court will consider the motion to reconsider pursuant to Rule 59(e). **See Van Skiver**, 952 F.2d at 1243.

The Court dismissed the instant habeas corpus action for failure to exhaust state court remedies. The Court noted that Mr. Doyle did not file a direct appeal and that the Colorado Court of Appeals only recently affirmed the denial of his postconviction motion. The Court also noted that Mr. Doyle failed to present any reasoned argument that the postconviction remedy available to him is not adequate or effective.

Upon consideration of the motion to reconsider and the entire file, the Court finds that Mr. Doyle fails to demonstrate some reason why the Court should reconsider and vacate the order to dismiss this action. The three major grounds that justify reconsideration are: (1) an intervening change in controlling law; (2) the availability of new evidence; and (3) the need to correct clear error or prevent manifest injustice. **See Shields v. Shetler**, 120 F.R.D. 123, 126 (D. Colo. 1988). Mr. Doyle does not allege the existence of any new law or evidence and he fails to convince the Court of the need to correct clear error or prevent manifest injustice. Therefore, the motion to reconsider will be denied. Accordingly, it is

ORDERED that the letter to the Court filed on May 17, 2007, which the Court has construed liberally as a motion to reconsider, is denied.

DATED at Denver, Colorado, this 24 day of May, 2007.

BY THE COURT:

ZITA L. WEINSHIENK, Senior Judge
United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 07-cv-00546-BNB

Michael Doyle
Prisoner No. 114917
Arkansas Valley Corr. Facility
PO Box 1000
Crowley, CO 81034

 I hereby certify that I have mailed a copy of the **ORDER** to the above-named individuals on 5/24/07

GREGORY C. LANGHAM, CLERK

By: _____
　　　　Deputy Clerk